# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:07-CR-00159-D-1
NO. 5:08-CV-00594-D

| | |
|---|---|
| KENNETH FULLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| **)** | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon a motion by Petitioner for authorization to receive the following three documents filed in the underlying criminal case: (1) Petitioner's plea agreement; (2) sealed document 37; and (3) the presentence report. (DE-46). For the reasons set forth herein, the motion for authorization (DE-46) is DENIED.

## I. BACKGROUND

Petitioner pled guilty to one count of possession with intent to distribute more than five hundred grams of cocaine and was sentenced on December 5, 2007 to sixty-three months' imprisonment. (DE-13). The Court subsequently granted the Government's motion to reduce Petitioner's sentence and shortened his imprisonment to fifty-seven months. (DE-21). On December 3, 2008, Petitioner filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255, alleging his attorney failed to file a notice of appeal, despite his desire to do so. (DE-22). The Court granted Petitioner's motion to appoint counsel and directed the undersigned to conduct an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel. (DE-40). Attorney James B. Craven III was appointed to represent Petitioner and filed a notice of

appearance on November 23, 2011. (DE-42). The evidentiary hearing on Petitioner's motion to vacate is scheduled for February 7, 2012. (DE-48).

On November 28, 2011, Petitioner filed the present motion "for authorization to receive copies of sealed Document 37 and the PSR." (DE-46). In his motion, Petitioner states that "[i]n order to get up to speed and adequately understand the case," his attorney Mr. Craven "need[s] access to Sealed Document 37, the PSR, and the plea agreement" and was advised by the office of the Federal Public Defender that he "should file this motion." (DE-46). Mr. Craven also sent a letter to the undersigned dated December 6, 2011, stating that he "need[ed] . . . help in getting up to speed" in preparation for the evidentiary hearing because he had "been unable to obtain copies of three documents I need." While Mr. Craven believed he "could get these [documents] readily through the FPD office," he "was told a motion and proposed order would be necessary."

The undersigned held a hearing on Petitioner's motion on Wednesday, December 13, 2011 to inquire into the alleged necessity of the motion. (DE-52). Mr. Craven had a prior commitment in federal court and was excused from attending the hearing. (DE-51). At the hearing, the Federal Public Defender, Thomas P. McNamara, First Assistant Federal Public Defender, Edwin C. Walker, and Assistant Federal Public Defender Joseph Gilbert appeared and explained their belief that, absent court order, prior counsel may not disclose a presentence report to newly appointed counsel in a § 2255 proceeding. (DE-52, DE-53). Mr. McNamara stated, however, that upon closer review, he believed his office could properly disclose sealed document 37 and would do so without a court order. The undersigned then continued the hearing until Friday, December 16, 2011, to allow Mr. Craven to attend further proceedings. Mr. Craven appeared at the hearing on December 16, 2011. (DE-54).

**II.    DISCUSSION**

Local Criminal Rule 32.2(j), entitled "Receipt of Presentence Report Under Seal," states that:

> The final presentence investigation report, addendum, and probation officer's recommendation shall be received by the clerk under seal for inclusion in the record and shall be otherwise disclosed only upon order. Defendants and counsel may retain their copies of the presentence investigation report and addendum. In the event of post-sentencing proceedings, including appeal, *habeas corpus* application, or motion for modification or revocation of probation or supervised release, counsel of record may, upon request, be provided a copy of the presentence report by the probation office.

Because Mr. Craven is counsel of record for Petitioner in a § 2255 proceeding, he may receive a copy of the presentence report from the probation office without a court order in accordance with Local Criminal Rule 32.2(j). Thus, Mr. Craven need only request a copy of the presentence report from the probation office. There is no indication that Mr. Craven has done so. As the local rules provide for access to the document Petitioner is seeking through his motion, there is no need for Court intervention. Similarly, Petitioner requests authorization to receive a copy of his plea agreement. However, Petitioner's plea agreement was filed in open court and is a matter of public record. (DE-9). In short, Petitioner seeks though his motion access to documents he may easily obtain through a simple request to the probation office or review of the public docket. As such, Petitioner's motion is patently moot and represents an extraordinary waste of judicial and other resources. The motion for authorization to receive documents (DE-46) is accordingly DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Friday, December 16, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE