IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-159-D
No. 5:08-CV-594-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENNETH EARL FULLER, ) | |
| ) | |
| Defendant. ) | |

On December 3, 2008, Kenneth Earl Fuller ("Fuller" or "defendant") filed a pro se motion to vacate, set aside, or correct his sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255 [D.E. 22]. Fuller alleges that he received constitutionally ineffective counsel during and after his sentencing hearing. Mot. Vacate 3–8. On September 16, 2010, Fuller asked the court to appoint him counsel and conduct an evidentiary hearing [D.E. 33]. On November 22, 2011, the court granted Fuller's motion for appointment of counsel and referred Fuller's motion to vacate to United States Magistrate Judge Webb for an evidentiary hearing and a memorandum and recommendation [D.E. 40]. On February 14, 2012, Judge Webb conducted an evidentiary hearing, during which he heard testimony from Fuller and Fuller's trial counsel, Assistant Federal Public Defender Devon Donahue ("Donahue") [D.E. 62].

On March 14, 2012, Judge Webb issued a comprehensive memorandum and recommendation ("M&R") [D.E. 67]. In the M&R, Judge Webb found that Fuller's hearing testimony was not credible, that Donahue's hearing testimony was credible, and that Fuller was not entitled to relief under section 2255. See M&R 8–14. Accordingly, Judge Webb recommended that the court deny Fuller's motion to vacate. Id. 14. Fuller did not object to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. Therefore, the court adopts the M&R. Defendant's motion to vacate [D.E. 22] is DENIED. The Clerk of Court shall close this case.

SO ORDERED. This 29 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge